*THEODORE M. HARDING, (TR.) v. SARAH D. MARSH ET AL.

CONSTRUCTION OF WILL CONVEYING LIFE ESTATE WITH REMAINDER IN ESTATE TAIL

A will giving to testator's wife a life estate in all of his property with remainder to his sisters and their heirs forever, and in case of the death of either of the sisters her share to be divided among the survivors, and at the termination of the life estate all of the income from the property for the next ten years to be held in trust for a building fund, passes an estate in fee tail to the sisters of the testator surviving him with the fee to their issue, and at the death of either of the sisters without issue, her· share in fee to the surviving sisters.

[For other cases in point, see 7 Cyc. Dig., "Wills," §§ 719-783.—Ed.]

[Syllabus approved by the court.]

APPEAL from Hamilton common pleas court.

**S. B. Hammel** and **William Worthington,** for plaintiff.

**J. R. Sayler** and **Lawrence Maxwell,** for defendants.

This action was brought in the common pleas by Theodore Harding, trustee under the will of Theodore Marsh, to construe the will. The question at issue was as to whether Flora C. Knight, a granddaughter of ·one of the sisters of the testator, had any interest in the estate, her grandmother being a sister of the testator, and dying subsequent to his death, but prior to the death of his widow to whom a life estate was given. This sister left a son, who died testate bequeathing his property to Flora C. Knight, his only child. The· fourth and fifth items of the will are as follows:

"Fourth. It is my will that at the death of my said wife, Rachel Marsh, and at the termination of the life estate herein created, all of my said estate shall become the property and vest in my sisters, Margaret A. Knight and Sarah D. Marsh, of Hartwell, Hamilton county, Ohio, and Mary C. Harding, now residing in Canon City, Colorado, and the heirs of their bodies forever: And in the event of the death of any of my sisters, without issue, the share to which said sister would be entitled shall be divided or distributed among my remaining sisters, or in the death of both to my remaining sister, or in the death of all to the heir or heirs of such sister or sisters as his or their mother would have taken if alive, subject however, to the conditions and provisions of the trust created, namely:

"That immediately after the decease of my said wife Rachel Marsh, and the termination of said life estate as herein provided, for a period

_____

*Affirmed by the Supreme Court, without report, *Knight* v. *Harding,* 76 Ohio St. 000; 52 Bull. 261.

Harding v. Marsh.

of ten years, all the income arising from my estate, real or personal, of whatever nature and description shall be collected by my nephew, Theodore M. Harding, now residing in Canon City, Colorado, whom I appoint as a special trustee for that purpose and the trust herein created—and shall be expended and distributed by him as follows:

"(a)   That one-half of all such gross income arising from my estate for a period of ten years after the death of my said wife, Rachel Marsh, shall be held by the said Theodore M. Harding, or his successor, as a fund in trust for the erection and construction of a good substantial business block on the southeast corner of Sixth street and Central avenue in the city of Cincinnati, O., to be known and designated as the 'Marsh Block,' in commemoration of my father, John Marsh, and said trustee, or his successor, is hereby authorized and directed to superintend the erection and construction of said building or block; and in order to increase the trust fund for that purpose the said trustee, or his successor, is hereby directed to invest such portion of my income from time to time as his judgment may direct in securities of the United States, the state of Ohio, or the city of Cincinnati.

"(b)   That my said trustee, or his successor, is hereby authorized and directed after the payment of all taxes, assessments and repairs from one-half of the gross income arising from my estate for said period of ten years after the death of my wife, Rachel Marsh, and the termination of the life estate herein created, to pay the residue of such one-half of the gross income for the period aforesaid in semiannual payments, to my said sisters, Margaret A. Knight, Sarah D. Marsh and Mary C. Harding, or their legal heirs according to the former provision of this section as to the distribution of my estate, and that my said trustee, or his successor, account annually to the probate court for Hamilton county, Ohio, for all moneys so collected, invested and expended by him as trustee aforesaid and that his compensation in the premises be fixed by said court.

"Fifth.   It is my will that at the expiration of the said period of ten years after the death of my wife Rachel Marsh, the said trustee, or his successor, shall make distribution of all of the personal property belonging to my estate among my said sisters, Margaret A. Knight, Sarah D. Marsh and Mary C. Harding, or their legal representatives as heretofore provided in this will as to distribution of my estate, and that partition of all of my real estate be had as soon thereafter as practicable, under the statutes of Ohio, among the said Margaret A. Knight, Sarah D. Marsh and Mary C. Harding, or their legal heirs, according to their respective interests."

Hamilton County.

**PER CURIAM.**

By the fourth item of the will of Theodore Marsh we think he disposes of his estate in the following manner:

All of his estate went to his sisters as an estate in fee tail; upon the death of either leaving issue, said issue came into the enjoyment of said estate in fee simple. Upon the death of either sister leaving no issue, such share passed in fee simple to the surviving sister or sisters in fee simple.

Upon the death of Margaret A. Knight, her one-third share became an estate in fee simple in her only issue, Benjamin Knight, and upon his death his share would vest in his daughter, Flora Cornelia Knight, if he had died intestate; but Benjamin Knight having died testate his estate passed by his will. Upon the death of Sarah D. Marsh, her share, which she held in fee tail, vested under this item in her sister, Mary C. Harding, in fee simple.

Under the fifth item of his will his personal property is to be distributed in the same manner as his real estate is given under the fourth item.

A decree should be entered in this court along the same lines as that entered in the court of common pleas.